UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Drew Weber** ) | |
| ) | Civil Action No. 1:07-cv-17 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| Kurt Sanborn, Play Ball Manchester, LLC ) | |
| The Sanborn Group, Inc. ) | |
| and Sanborn Associates ) | |
| (collectively, "Sanborn Defendants") ) | |
| *Defendants*, ) | |
| ) | |
| And ) | |
| ) | |
| **Bow Eq. Vil, LLC** ) | |
| ) | |
| *Trustee Defendant* ) | |

### ASSENTED-TO PROPOSED CHARGING ORDER

1. This matter was heard on February 5, 2007. At issue was the propriety of plaintiff Weber's request for an ex parte real estate attachment via trustee process against the real estate holdings of defendant Bow Eq. Vil, LLC ("BEV").

2. Following the hearing, the Court vacated Weber's attachment of BEV's assets and ordered plaintiff Weber to discharge said attachment, finding that an attachment of BEV's real estate assets was not supportable, because BEV has no liability to Weber with regard to his judgment-debt claim and, under New Hampshire law, the real estate assets of a limited liability company are not chargeable for the personal debts of the LLC's members.

3. BEV is a New Hampshire limited liability company, consisting of following two members: 1) Meadowbrook, LLC. (which holds a 65% membership interest); and 2) BLK Trust (which holds a 35% membership interest.).

4. Meadowbrook, LLC is a Connecticut limited liability company, whose sole member is Mr. Richard Farley ("Farley").

5. BLK Trust is a New Hampshire trust in which defendant Kurt D. Sanborn has a beneficial interest.

6. BEV's sole asset consists of 35.9 acres of land and improvements in Bow, New Hampshire (the "Bow Property").

7. The Bow Property is encumbered by a first-priority mortgage in the amount of approximately $1.1 million.

8. Moreover, Farley has personally made loans or contributions to capital in excess of $1.4 million to BEV (the "Farley Indebtedness").

9. At the time of the hearing, BEV was intending to sell the Bow Property for the sum of $2.2 million, intending to pay off the $1.1 million mortgage and the Farley Indebtedness.

10. The Court found that the $1.1 million mortgage and the Farley Indebtedness are entitled to priority payment from the proceeds of any sale of the Bow Property.

11. The Court also found, however, that Weber is entitled to a charging order to reach whatever proceeds, monies, or distributions may be due the BLK Trust or any of the so-called Sanborn Defendants, from the remaining net proceeds of the sale of the Bow Property, if any.

For the foregoing reasons, the Court hereby ORDERS and DECREES the following:

Before any funds are distributed for liquidation of the real estate asset, or dissolution of the entity, BowEq Vil LLC will provide Weber with an accounting of the anticipated distributions via certified mail sent to counsel within 5 business days of the anticipated distribution. If Weber objects to any aspect of the distributions other than the Farley Indebtedness, Weber shall file with this court an objection to the objectionable distributions.

August 2, 2007

BY THE COURT:

/s/ James R. Muirhead
_____
James R. Muirhead
United States Magistrate Judge

cc: Craig S. Donais, Esq.
Gregory A. Moffett, Esq.